UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ANTONIO VELAZQUEZ BENAVIDES, A-221-453-303,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MESA VERDE DETENTION CENTER,<br><br>Respondent. | No. 1:26-cv- 06068 DJC AC<br><br><u>ORDER and</u><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner, an immigration detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1. The petition, liberally construed, argues that petitioner's prolonged detention pending the resolution of his appeal to the Board of Immigration Appeals violates his due process rights under the Fifth Amendment. Id. at 13. Petitioner seeks immediate release or a custody hearing before a neutral decisionmaker. Id. As discussed below, the court recommends that petitioner's request for habeas relief be granted, that petitioner be immediately released, and that respondent be enjoined from unlawfully re-arresting or re-detaining petitioner.

////

I. Factual Background

Petitioner is a native and citizen of Mexico who entered the United States without inspection in 2006.[1] ECF No. 10-1 (I-213); ECF No. 8-1 (Notice to Appear). He was encountered by Border Patrol on December 21, 2006, and processed as a voluntary return to Mexico. ECF No. 10-1 at 2 (I-213). Petitioner later re-entered the United States without inspection in December 2015. ECF No. 1 at 10. Petitioner had no interactions with immigration officials until he was placed in immigration detention following a traffic stop in January 2026. Id. at 10 (petitioner's representation he "was taken into ICE custody on or about January 21, 2026"); ECF No. 8-1 (Notice to Appear dated January 25, 2026). Petitioner has no criminal history apart from one arrest for DUI in 2010 and several moving traffic violations. ECF No. 10-1 at 2-3. He has one eighteen-year-old daughter who is a United States citizen. Id. at 3.

Petitioner appeared for a custody redetermination hearing before the Miami Krome Immigration Court on March 13, 2026, but the IJ indicated the immigration court did not have jurisdiction or authority to grant petitioner bond and therefore did not consider whether his release would present a danger or flight risk. ECF No. 8 at 1. Petitioner's immigration counsel agreed to a finding of "no action" rather than a denial of bond, based on the IJ's representation that a "no action" finding would allow petitioner to "work less hard" pursuing a habeas action. ECF No. 8-2 (March 13, 2026, Custody Redetermination Order finding "no action"); ECF No. 9 (audio recording of custody redetermination hearing).

By Order dated June 29, 2026, an immigration judge found petitioner removable pursuant to Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i). ECF No. 8-3 (Voluntary Departure Order). The IJ denied petitioner's application for cancellation of removal but granted petitioner voluntary departure by October 27, 2026, and ordered that petitioner remain "detained

[1] Respondents did not initially provide petitioner's I-213, as directed by the court's August 11, 2026 Minute Order, because "counsel ha[d] not received the I-213 and asks this Court to decide the merits of the petition on this filing and its attachments." ECF No. 8 at 1, fn. 1. However, respondents subsequently supplemented their response to include petitioner's I-213. ECF Nos. 10; 10-1.

under safeguards." Id. at 2.[2] This decision is not administratively final.[3] Petitioner filed an appeal of this order with the Board of Immigration Appeals ("BIA"), and the appeal is still pending. ECF No. 8-4.[4] Petitioner is currently detained at the Mesa Verde Detention Center in Bakersfield, California. ECF No. 1 at 10.

II. Procedural History

On August 3, 2026, the court received petitioner's pro se petition for writ of habeas corpus dated July 8, 2026. ECF No. 1. The petition alleges that petitioner's prolonged detention pending his appeal of the IJ's June 2026 order violates his federal due process rights. Id. at 13. Petitioner asserts that "ICE has continued to detain Petitioner without considering whether release on bond or other reasonable conditions of supervision would adequately ensure his appearance at future proceedings and protect the community." Id. at 6. Petitioner asks the court to order respondents to provide a prompt individualized custody hearing before a neutral decisionmaker, or alternatively, order petitioner's release under appropriate conditions if respondents cannot justify his continued detention. Id.

On August 11, 2026, the undersigned ordered respondent to respond to the habeas petition and include "petitioner's Form I-213 for each immigration encounter, any orders of release or

---

[2] Although petitioner asserts in his habeas petition that "on or about July 2026, Petitioner received a custody (bond) hearing before an Immigration Judge" who "denied bond and ordered that Petitioner remain detained pending further immigration proceedings," the court assumes petitioner is referencing the IJ's order of June 29, 2026. ECF No. 1 at 11. Respondents have not provided evidence that petitioner received any additional custody determinations hearings after March 2026 and indeed, concedes that petitioner is entitled to another such hearing. ECF No. 8 at 2.

[3] Because the IJ's order is not administratively final, this case is distinguishable from prior cases denying habeas relief because the government can place conditions relating to a petitioner's voluntary departure including continued detention pursuant to 8 C.F.R. § 240.25(b). See e.g., Luque Fuentes v. Warden, No. 2:26-CV-00663-DJC-AC, 2026 WL 911667 (E.D. Cal. Apr. 2, 2026); Rodriguez Santibanez v. Warden, No. 1:26-CV-04010-DJC-SCR, 2026 WL 1683152, at *1 (E.D. Cal. June 10, 2026).

[4] The court takes judicial notice of the information provided on the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage, available at https://acis.eoir.justice.gov/en/ (last visited October 28, 2026). See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

detention, any custody warrants or notices, and, if respondents dispute any factual representations in the operative petition, any and all documents necessary to support their view of the facts." ECF No. 5. Petitioner's reply, if any, was due within seven days of being served a copy of respondent's response. Id. Respondents were also ordered not to transfer petitioner outside of this judicial district. Id.

The response asserts that petitioner's "[d]etention in this case was pursuant to 8 U.S.C. § 1225(b)(2)(A)," which respondents maintain governs this case. ECF No. 8 at 2. Respondents "acknowledge, however, that Rodriguez Vazquez v. Bostock, [183 F.4th 1160 (9th Cir. 2026)] holds that § 1226(a) governs Petitioner's detention because Petitioner entered without inspection or parole and was first apprehended in the interior of the country." Id. Respondents assert that "Petitioner is therefore entitled to seek a custody redetermination hearing before an immigration judge" and "a bond hearing is the appropriate relief." Id. Although respondents concede that petitioner is entitled to a custody hearing before an immigration judge under 8 U.S.C. § 1225(a), the record before the court does not reflect that respondents have provided one since the IJ's "no action" finding on March 13, 2026. See ECF No. 8-2.

Although petitioner did not file a timely reply to respondents' response, he did file a "motion for expedited ruling" on September 29, 2026. ECF No. 11.

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533

U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

IV. Discussion

Petitioner asserts that his prolonged detention without a bond hearing violates his due process rights under the Fifth Amendment, entitling him to release or an individualized bond hearing. ECF No. 1. Respondents state that petitioner was detained under 8 U.S.C. § 1225(b)(2)(A), but also acknowledge that Rodriguez Vazquez held that 8 U.S.C. § 1226(a) governs detention for noncitizens in petitioner's position and entitles him to a custody determination hearing. ECF No. 8 at 2.

As the parties acknowledge, the Ninth Circuit Court of Appeals recently rejected respondents' application of 8 U.S.C. § 1225(b)(2) to noncitizens like petitioner. See ECF No. 8 at 2 ("Detention in this case was pursuant to 8 U.S.C. § 1225(b)(2)(A), and Respondents respectfully maintain position that such provision governs here."). In Rodriguez Vazquez v. Bostock, the Ninth Circuit held that "noncitizens present without admission who are apprehended in the interior of the United States"—like petitioner—"are subject to the detention regime of § 1226(a) not § 1225(b)(2)(A)." 183 F.4th 1160, 1165, 1193 (9th Cir. 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. Id. Indeed, respondents appear to concede this point. ECF No. 8 at 2 ("Respondents acknowledge, however, that Rodriguez Vazquez v. Bostock, 2026 WL 2196424 (9th Cir. July 30, 2026), holds that § 1226(a) governs Petitioner's detention because Petitioner entered without inspection or parole and was first apprehended in the interior of the country.").

As this court has previously recognized, § 1226(a) provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." D.Y. v. Warden of the Golden State Annex, No. 1:26-CV-06235-TLN-CSK, 2026 WL 2391205, at *2 (E.D. Cal. Aug. 17, 2026) (quoting Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022)). In addition,

> courts have found each of the following violations of the requirements of 8 U.S.C. § 1226(a) to provide a sufficient basis mandating a petitioner's release: (1) failure to arrest following or contemporaneously with the issuance of a warrant pursuant to § 1226(a); (2) failure to issue a Notice to Appear charging the petitioner as inadmissible prior to, or contemporaneously with, the detention of the petitioner; (3) failure to provide the petitioner with an initial custody determination either prior to or contemporaneously with detention; (4) failure to provide the petitioner an opportunity to demonstrate to the immigration officer that release would not pose a danger to property or persons and that the petitioner is likely to appear for future proceedings; and (5) failure to provide the petitioner with the basis for the petitioner's continued detention.

Id. (quoting Zurita Navarro v. Warden Ctrl. Valley Annex Det. Facility, No. 1:26-CV-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (citations omitted) (collecting cases). Here, respondents have not demonstrated that they have complied with the procedural protections of § 1226(a) during petitioner's detention, such as providing him an opportunity to demonstrate to an immigration officer that release would not pose a danger to property or persons and that the petitioner is likely to appear for future proceedings. Respondents' conduct has therefore run afoul of petitioner's statutory rights under 8 U.S.C. § 1226(a), which respondents appear to acknowledge through their concession he is entitled to a custody redetermination hearing. ECF No. 8 at 2.

As to petitioner's due process claim, the court finds petitioner possesses a protected liberty interest and he was denied the process necessary to ensure any deprivation of that interest accords with the Constitution. See Morrissey v. Brewer, 408 U.S. 471, 481 (1972). The record in this case establishes that petitioner developed a clear interest in his continued freedom protected by the Due Process Clause during the many years he lived freely in this country prior to his current detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001). Petitioner was detained in January 2026 and has remained in custody since that time. ECF No. 1 at 6 (asserting he has "remained in ICE custody since January 21, 2026"). At his only custody redetermination hearing in March 2026, the IJ did not consider or analyze petitioner's dangerousness or risk of flight because he had apparently concluded he did not have jurisdiction or authority to grant bond. ECF No. 8-2 (March 13, 2026, Custody

Redetermination Order finding "no action"); ECF No. 9 (audio recording of custody redetermination hearing). Further, petitioner faces indefinitely prolonged detention while review of his challenge to the Immigration Judge's June 2026 order denying his application for cancellation of removal plays out at the BIA and, potentially, the Ninth Circuit Court of Appeals. As petitioner has been deprived of the liberty secured by the Due Process Clause and this deprivation may continue for a protracted and indefinite period, petitioner has established his liberty interest. See Zadvydas, 533 U.S. at 690, 693.

Having established that petitioner has a protected liberty interest, the court must determine what process is owed under the Constitution. As noted above, respondents have conceded that the Ninth Circuit's decision in Rodriguez Vazquez establishes that petitioner has a statutory right to a bond hearing but have nevertheless failed to afford him one throughout his many months of immigration detention. ECF No. 8 at 2. The undersigned finds this case materially indistinguishable from those cases previously decided by this court granting release where the government has conceded the petitioner has "a statutory right to a bond hearing" under Rodriguez Vasquez but "the lengthy delay in providing the statutorily mandated bond hearing violates Petitioner's due process rights and justifies release." See, e.g., Zepeda v. Cent. Valley Annex, No. 1:26-CV-07202-DJC-CSK, 2026 WL 2875732, at *1 (E.D. Cal. Sept. 23, 2026) (holding the "lengthy delay in providing the statutorily mandated bond hearing violates Petitioner's due process rights and justifies release" where the government conceded Rodriguez Vasquez controls but did not provide the bond hearing within two months); Basilio-Antonio v. Lyons, No. 1:26-CV-06209-DJC-SCR, 2026 WL 2369319, at *1 (E.D. Cal. Aug. 14, 2026) (same where petitioner was not granted a bond hearing within approximately three weeks following his arrest); Jumenez Velasco v. Andrews, No. 1:26-CV-05850-DJC-JDP, 2026 WL 2298068, at *1 (E.D. Cal. Aug. 10, 2026) (same where petitioner was not granted a bond hearing within approximately five weeks of his arrest).[5]

[5] See also Baltazar Fernando v. Warden of the Golden State Annex Detention Facility, No. 1:26-cv-3529 DJC JDP (E.D. Cal. June 10, 2026) (granting habeas petition and ordering release where noncitizen residing in United States had no significant criminal history but was denied bond (continued)

Respondents do not argue that petitioner is a flight risk or poses a danger to public safety, and they do not provide any evidence that a neutral arbiter has ever specifically evaluated these factors or made such a determination. It is not this court's role to determine whether petitioner is a danger or flight risk, and, while a neutral decisionmaker *could* make such a determination at a properly noticed hearing, the failure to provide such a hearing to petitioner presents a serious risk that petitioner has been erroneously deprived of his liberty interest.[6]

Considering the facts of this case and respondent's failure to materially distinguish similar precedent from this district, the undersigned adopts and incorporates by reference the reasoning in those cases and finds that petitioner is subject to § 1226(a), not § 1225(b)(2), and was statutorily entitled to a bond hearing under 8 U.S.C. § 1226(a). See Zepeda v. Cent. Valley Annex, 2026 WL 2875732, at *1; Basilio-Antonio, 2026 WL 2369319, at *1; Jumenez Velasco, 2026 WL 2298068, at *1; Dicxon Jose P.C., 2026 WL 1045516. Respondents do not assert any alternative basis for petitioner's detention or identify any extenuating circumstances that would warrant petitioner's continued unlawful detention pending a bond hearing, and therefore the undersigned recommends petitioner's immediate release as the appropriate habeas relief.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for expedited ruling (ECF No. 11) is GRANTED to the extent that Findings and Recommendations have now issued.

---

hearing); Castillo Gudino v. Warden, No. 1:26-cv-3832 DJC JDP (E.D. Cal. May 24, 2026) (granting petitioner's INA and due process claims and ordering release where petitioner resided in United States at time of detention and was denied a bond hearing).

[6] The fact that petitioner has been convicted of moving traffic violations in the past (and arrested for a DUI in 2010) does not materially affect this analysis. See e.g., Dicxon Jose P.C. v. Warden, California City Detention Facility, Case No. 1:26-cv-02658-TLN-CSK, 2026 WL 1045516 (E.D. Cal. April 16, 2026) (granting immediate release of petitioner who was released to ICE custody after serving sentence for DUI misdemeanor conviction on due process grounds); Jerzain L.R. v. Warden of the California City Correctional Center, et al., No. 1:26-cv-03296-TLN-SCR, 2026 WL 1295801 (E.D. Cal. May 12, 2026) (granting immediate release of petitioner who was arrested after appearing at state courthouse for pending DUI case on due process grounds); Vazquez-Reyes v. Warden, No. 1:26-cv-3122 DC AC, 2026 WL 1661346 (E.D. Cal. June 9, 2026) (granting immediate release of petitioner with past DUI misdemeanor convictions on due process grounds).

IT IS FURTHER RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:

   a. Respondents shall IMMEDIATELY RELEASE petitioner LUIS ANTONIO VELAZQUEZ BENAVIDES, A-221-453-303, from custody. At the time of release, respondents must return all of petitioner's documents and possessions.

   b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

   c. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating by clear and convincing evidence that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

   d. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

2. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release.

3. The Clerk of the Court be further directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any

party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 29, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE